Nott, J.
delivered the opinion of the Court.
The attachment act is a remedial process, allowed to a creditor against the property of his debtor; when he is absent from the State, and beyond the reach of the ordinary process of the law. It is nevertheless considered a proceeding in personam, and its objectJs Ja uiakejhe defendant a party in Court. It'is therefore authorized in those cases only where the ordinary pro *186 cess of law cannot be resorted to. And to prevent its abuse was undoubtedly the object of the law, in exempting from its operation all persons who shall give notice of their intended departure. The great object as it regards the creditor was that'he , , , , . -, , , , . . , , . . should have notice, so that the debtor might not clandestinely escape, and thereby elude such process as the creditor might think proper to issue against him. The act does indeed require that he shall add to the notice of his departure, that he is ready to answer any suit that shall be brought against him. That may have been intended, and probably was to prevent the party from evading the process, by secreting himself so that it could not be served upon him. Now it appears to me that Mr. Clough not only virtually, but literally, complied with the requisitions of the act. The advertisement which he sent out was as well a notice to the copartnership creditors as his own; and a readiness to answer to any suit that should be brought against him, embraced both suits in behalf of the concern, and those in his individual capacity. And this view of the case is strengthened from the further consideration, that Mr. Clough is the only one of the partners who was residing, or. ever has resided in this State ; as also from the circumstance that our act of 1792, 1 Faust, 214, makes the copartnership property liable to the claims of a creditor by a suit against one of the partners, when the others are absent from the State. An action, therefore, in this case, would literally have been an action against Clough alone, as he was the only one accessible by any legal process.
The attachment is a very convenient remedy in certain cases when kppt within its prescribed limits; but may be> perverted to the most oppressive purposes, if under its sanction a host of rapacious creditors may pounce upon a man’s property, as soon as his back is turned, as if it were common prey. It is no answer to say, that there was no other method by which the defendant could get hold of the funds in question. For the attachment is not intended as a more ample remedy than a capias to take the body, but merely as a different method of making the defendant a party in Court. Neither will it aid the plaintiff that the funds of the concern have been assigned. For if they are thereby placed beyond the reach of a fi.fa. or any other kind of process, they are equally exempt from an attachment. I am of opinion, therefore, that the de- *187 cisión of the Judge below, ought to be reversed and the attachment set aside.
Motion granted.